**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**GALVESTON DIVISION**

| | | |
|---|---|---|
| JAMES ALEXANDER, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. G-06-505 |
| | § | |
| DAYBROOK FISHERIES, INC. and | § | |
| M/V SEA CHARGER, | § | |
| | § | RULE 9(h) ADMIRALTY |
| Defendants. | § | |
| | § | |
| | § | |
| | § | |
| | § | |

**ORDER GRANTING DEFENDANT'S MOTION TO TRANSFER VENUE, DENYING DEFENDANT'S MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION AS MOOT, AND DENYING PLAINTIFF'S MOTION FOR ADDITIONAL TIME TO RESPOND**

Plaintiff James Alexander ("Plaintiff") brings this action against Defendant Daybrook Fisheries, Inc. ("Daybrook") and the M/V SEA CHARGER for personal injuries he allegedly endured while working aboard the M/V SEA CHARGER. Daybrook filed a Motion to Dismiss for Lack of Personal Jurisdiction and a Motion to Transfer Venue. Plaintiff filed a Response, and Daybrook filed a Reply. Plaintiff also requested additional time to respond so that he could conduct more discovery regarding Daybrook's activities within Texas. For the reasons enunciated below, Plaintiff's Motion for Additional Time to Respond is **DENIED**. Daybrook's Motion to Transfer Venue is **GRANTED** and this case is **TRANSFERRED** to Eastern District of Louisiana. Daybrook's Motion to Dismiss

for Lack of Personal Jurisdiction is **DENIED AS MOOT**.[1]

## I.  Background

On or about July 7, 2006, Plaintiff was working as a fisherman aboard a fishing vessel that was owned and operated by Daybrook.  Plaintiff alleges that he fell backwards while pulling a line to free a fishing net that was snagged on some equipment and that he consequently suffered injuries to his knee and back.  Plaintiff thus brings this action against Daybrook.

Daybrook claims that the Southern District of Texas is an inappropriate venue.  First, Daybrook claims that it has no connection whatsoever to Texas, so this Court has no power to exercise personal jurisdiction over it.  Then, Daybrook claims that, even if the Court had *in personam* jurisdiction over it, the case should be transferred to the Eastern District of Louisiana because Louisiana has a substantial interest in this case and is allegedly more convenient for all the witnesses and the Parties.

Upon analyzing the venue factors, the Court agrees that this case is more properly heard in the Eastern District of Louisiana.  The Court will first discuss the legal standard for this determination, then it will apply the instant facts to the factors that must be considered in the venue analysis.

## I.  Legal Standard

The federal venue transfer statute provides: "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district where it might have been brought." 28 U.S.C. § 1404(a).  The movant bears the burden of demonstrating to the Court

---

[1]The Court does not consider this Order worthy of publication.  Accordingly, it has not requested and does not authorize publication.

that it should transfer the case. *See Peteet v. Dow Chem. Co.*, 868 F.2d 1428, 1436 (5th Cir. 1989)

(requiring movant to make a showing that the forum sought is more convenient); *Time, Inc. v.*

*Manning*, 366 F.2d 690, 698 (5th Cir. 1966) ("At the very least, the plaintiff's privilege of choosing

venue places the burden on defendant to demonstrate why the forum should be changed.").  In

determining whether a venue transfer is warranted, the Court considers both "private and public

factors, none of which are given dispositive weight." *In re Volkswagen of Am., Inc.*, 371 F.3d 201,

203 (5th Cir. 2004).  The private concerns include:

> (1) the relative ease of access to sources of proof; (2) the availability of compulsory
> process to secure attendance of witnesses; (3) the cost of attendance for willing
> witnesses; and (4) all other practical problems that make trial of a case easy,
> expeditious and inexpensive.  The public concerns include: (1) the administrative
> difficulties flowing from court congestion; (2) the local interest in having localized
> interests decided at home; (3) the familiarity of the forum with the law that will
> govern the case; and (4) the avoidance of unnecessary problems of conflict of laws
> o[r] the application of foreign law.

*Id.*  The plaintiff's choice of forum is generally entitled to great deference unless the plaintiff is not

a resident of the forum or the operative facts underlying the action occurred elsewhere. *See Peteet*,

868 F. 2d at 1436.  The decision to transfer a case lies within the sound discretion of the Court, and

such determinations are reviewed under an abuse of discretion standard. *See id.*

## III.  Analysis

*A.  Private Factors*

   *1.  Ease of Access to Sources of Proof*

Neither Party has given the Court any indication that the sources of proof in this case are so

connected to one venue as to make trial in another substantially more or less convenient.  Likewise,

the Court sees nothing in the Record that would militate transfer in order to have better access to

evidence.  As with most personal injury cases, the Court does not foresee that this case will be abnormally document intensive.  Accordingly, this factor does not weigh for or against transfer.

### 2. Availability and Cost of Obtaining Attendance of Key Witnesses

The following witnesses have been identified by the Parties as being key witnesses: three eye-witnesses, Jim Hill, five Alabama physicians, a Houston Physician, and a Houston economist.  The eye-witnesses reside in Alabama and Mississippi, and Jim Hill resides in Louisiana.  These witnesses are employed by Daybrook, so Daybrook can compel their testimony.[2]  Thus, their convenience is entitled to little deference.  Likewise, Plaintiff's retained experts' convenience is entitled to little deference since Plaintiff can compel their testimony.  Clearly, witnesses reside all over the Gulf Coast, and no one trial location will be convenient for all.  Since the majority of witnesses reside closer to the Eastern District of Louisiana than this District, this factor weighs slightly in favor of transfer.

### 3. Other Practical Problems

The Parties have presented the Court with no other issues that are not encompassed in the other factors.

### B. Public Factors

### 1. Administrative Difficulties Flowing from Court Congestion

Plaintiff claims that it will be prejudiced if the case is transferred at this stage because the case is currently set for trial on June 11, 2007.  Defendants were served in September, 2006, yet did not

---

[2]Daybrook argues that requiring its employees to testify in this District will result in a substantial financial hardship to the company because its employees who were eye-witnesses will not be able to fish during the trial.  This same argument could be made in most cases, and the Court does not find Daybrook's hardship to be more compelling than that suffered in a typical case in which the defendant's employees must travel to another forum to testify.

file their Motion to Transfer Venue until March 23, 2007. Plaintiffs claim that if the Court transfers the case to Louisiana at this late date, a manifest injustice will result. The Court agrees that Daybrook should have filed its Motion to Transfer Venue in a more timely fashion, and this factor weighs in favor of retention.

 B.  *Local Interest*

The alleged accident occurred off the coast of Louisiana. Daybrook is a Louisiana corporation, and it has very little connection to the state of Texas. Plaintiff is an Alabama resident. This Division's only connection to this case is that Plaintiff's current treating physician and economist reside in Texas. All the other witnesses reside in Louisiana, Mississippi, or Alabama. Texas has very little, in any, interest in this controversy. Conversely, Louisiana has substantial interest in a controversy involving an accident occurring in Louisiana involving a Louisiana corporation. Thus, this factor weighs strongly in favor of transfer.

 3.  *Familiarity with Applicable Law and Avoidance of Conflict of Law Issues*

These factors are not relevant in the instant case. Both this Court and the Eastern District of Louisiana are familiar with admiralty law.

C.  *Plaintiff's Choice of Forum*

Plaintiff argues that Plaintiff's choice of forum is the most important venue consideration. While the Court agrees that a Plaintiff's forum choice should be given substantial deference, it is entitled to less weight when the plaintiff does not reside in the forum. *See, e.g.*, *Robertson v. M/V Cape Hunter*, 979 F. Supp. 1105, 1109 (S.D. Tex. 1997) (finding that a Mississippi plaintiff's choice of the Southern District of Texas was entitled to little or no deference where the case had no connection to the forum). The amount of deference given to a nonresident plaintiff is further reduced

if the case has no connection to this forum. *See id.* Here, Plaintiff does not reside in this forum, and the case has almost no connection to this forum. Thus, this factor weighs only slightly in favor of retention.

## IV.  Motion for Additional Time to Respond

Plaintiff has requested additional time to conduct discovery so that he can supplement the factual record. It is unclear whether his request pertains solely to the Motion to Dismiss for Lack of Personal Jurisdiction or to both that Motion and the Motion to Transfer Venue. Since the Motion to Dismiss for Lack of Personal Jurisdiction is now irrelevant, any discovery regarding that issue is unnecessary. If Plaintiff is requesting additional time to discover facts relevant to the Motion to Transfer Venue, the Court finds Daybrook's argument that Plaintiff has had ample time to depose Daybrook's corporate representative, yet it did not request to do so until right before its Responses to the instant Motions were due, persuasive.[3] Therefore, Plaintiff's Motion for Additional time is **DENIED**.

## V.  Conclusion

While the fact that Plaintiff chose this forum and that some delay will result from transfer weigh in favor of retention, these factors are outweighed by the fact that this case has almost no connection to Texas. The Eastern District of Louisiana, on the other hand, has a substantial interest in this case. Furthermore, most of the witnesses reside substantially closer to the New Orleans Division of the Eastern District of Louisiana than to this District. Therefore, Daybrook's Motion to Transfer Venue to the Eastern District of Louisiana is **GRANTED** and this case is hereby

---

[3]Plaintiff emailed a request to depose Daybrook's corporate representative on the day the Response to Daybrook's Motion to Dismiss for Lack of Personal Jurisdiction was due, which was three days before the Response to Daybrook's Motion to Transfer Venue was due.

**TRANSFERRED** to the Eastern District of Louisiana, New Orleans Division.  Daybrook's Motion to Dismiss for Lack of Personal Jurisdiction is **DENIED AS MOOT**.  Additionally, Plaintiff's Motion for Additional Time to Respond is **DENIED**.  Each Party is to bear its own taxable costs, expenses, and attorney's fees incurred herein to date.

        **IT IS SO ORDERED**.

        **DONE** this 14th day of May, 2007, at Galveston, Texas.


_____
Samuel B. Kent
United States District Judge